Citation Nr: 1527829 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 09-00 727 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to compensation under 38 U.S.C.A. § 1151 for a stroke and stroke residuals.

2. Entitlement to compensation under 38 U.S.C.A. § 1151 for a right shoulder disability, characterized as a right shoulder rotator cuff tear. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

M. Carsten, Counsel



INTRODUCTION

The Veteran served on active duty from April 1959 to April 1963. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. The appeal was certified to the Board by the RO in Atlanta, Georgia. 

In July 2013, the Board remanded the appeal for further development. The case has since returned to the Board. 

This is a paperless appeal and the Veterans Benefits Management System (VBMS) and Virtual VA folders have been reviewed. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In July 2013, the Board requested additional development. Specifically, the AOJ was to: (1) contact the Veteran and give him an opportunity to identify or submit any additional records or relevant evidence; (2) make further attempts to obtain private medical records from Dr. C. from 2003 forward; (3) request outstanding VA treatment records; (4) request VA medical opinions; and (5) readjudicate the claims. 

Thereafter, the AOJ sent the Veteran a development letter in accordance with the Board's remand instructions. The letter was sent to an address on "B. P." Drive, but was returned to sender. The RO obtained the specified VA records and those through July 2013, as well as a medical opinion. 

In the June 2015 Informal Hearing Presentation, the representative noted that VA medical records show the Veteran's address as being on "H" Drive. The representative further noted that while the July 2013 Remand, the July 2013 development letter, the August 2013 supplemental statement of the case, and the May 2015 Board notification letter were all sent to the address on "B. P." Drive, only the development letter and the Board's letter were returned. 

Even though not all documents were returned as undeliverable, it appears that the Veteran's mailing address is currently incorrect. In an effort to ensure both due process and compliance with the prior remand directives, VA should confirm the Veteran's current mailing address and resend the July 2013 development letter. 

Updated VA records should also be obtained on remand. See 38 C.F.R. § 3.159(c)(2) (2014). 

Accordingly, the case is REMANDED for the following action:

1. Verify the Veteran's current mailing address. All efforts to obtain this information should be documented in the claims folder. 

2. Thereafter, resend the July 2013 development letter to the Veteran and again ask him to identify any relevant records relating to his 38 U.S.C.A. § 1151 claims. He should also be asked to complete a current authorization for release of records from Dr. C. If a properly completed authorization is received, request the records identified. 

3. Request records from the VA Medical Center in Asheville for the period from July 2013 to the present. 

4. Thereafter, readjudicate the appeal issues. If the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).